STATE OF VERMONT

| | |
|---|---|
| SUPERIOR COURT<br>Vermont Unit | ENVIRONMENTAL DIVISION<br>Docket No. 171-12-12 Vtec |

| | |
|---|---|
| Umpire Mtn. LLC WW & WS Permit | JUDGMENT |

Charles Chapman, Barbara Chapman, John Ferine, and Cheryl Nicholas (Appellants) appeal the Wastewater System and Potable Water Supply Permit WW-7-3606 (the Permit) issued by the Vermont Agency of Natural Resources, Department of Environmental Conservation (DEC) to Umpire Mountain, LLC (Applicant) on May 21, 2012. The Permit authorizes Applicant to create five new, on-site potable water supply and wastewater systems to serve five proposed single-family residences on Applicant's 10.3 acres of undeveloped land on Washburn Road in Burke, Vermont.

In this proceeding, Appellants are represented by Robert A. Gensburg, Esq., Applicant is represented by Kyle C. Sipples, Esq., and the Agency of Natural Resources is represented by Anne Whitely, Esq.

In a February 27, 2014 decision, we addressed the parties' cross-motions for summary judgment concerning whether the Permit unlawfully impacts Appellants' use of their property. In support of their Motions for Summary Judgment, the parties filed a written Stipulation of Facts. These facts are set forth in the Court's February 27 decision. Considering the facts, we first concluded that pursuant to 10 V.S.A. Chapter 64 and the Wastewater System and Potable Water Supply Rules, DEC has the power to impose the isolation distances at issue in considering a Wastewater System and Potable Water Supply Permit application. Second, we concluded that we are without jurisdiction to answer Appellants' questions asking whether the Permit created an easement of any kind or whether the Wastewater System and Potable Water Supply Rules and the Water Supply Rules are unconstitutional on their face. To the extent that Appellants ask whether a taking has otherwise occurred due to limitations on how they might use their property, we concluded that we do have jurisdiction. We further concluded, however,

1

that based only upon the Stipulation of Facts, we did not have sufficient facts before us at that time to determine whether a regulatory taking had occurred. Thus, we denied Appellants' and Applicant's cross-motions for summary judgment.

During a final pre-trial conference on August 20, 2014, the parties stated on the record that they did not have additional evidence to offer at trial. The parties asked, therefore, that the Court render a decision on the sole remaining question as to whether isolation distances effect a regulatory taking due to limitations on how Appellants might use their property.

In our February 27 decision, we noted that Appellants neither allege nor demonstrate that DEC has deprived them of all "economically viable use" of their land. See Lucas v. S.C. Coastal Council, 505 U.S. 1003, 1015–16 (1992) (holding that a "total taking" occurs "where regulation denies all economically beneficial or productive use of land"). To determine whether a landowner has suffered deprivation of all economically viable use, we must consider not only the portion of property affected by the regulation but "the parcel as a whole." Tahoe-Sierra Pres. Council v. Tahoe Reg'l Planning Agency, 535 U.S. 302, 327 (2002) (citing Penn Cent. Transp. Co. v. New York City, 438 U.S. 104, 130–31 (1978)). Thus, we continue to conclude that DEC's action does not amount to a "total taking" of Appellants' property. See Lucas, 505 U.S. at 1030.

Lastly, to determine whether a partial taking has occurred, we must weigh (1) the economic impact of the Rules on Appellants; (2) the interference with Appellants' "distinct investment-backed expectations"; and (3) the character of DEC's action. See Penn Cent. Transp. Co., 438 U.S. at 124. Merely alleging that a landowner's property use has been limited is insufficient to establish a taking. See Chioffi v. City of Winooski, 165 Vt. 37, 43 (1996) (noting that an inability to develop property for its most profitable beneficial use is not a taking).

We now consider these issues based on the parties' Stipulation of Facts which is the totality of evidence before us. It remains unclear whether Appellants have been limited in any way in the development of their property. Although the DEC decision on appeal is final as to the design and permitting of Applicant's wastewater and water supply systems, we are unable to conclude whether Applicant's permit restricts development on Appellants' properties. The Stipulation of Facts does not show that the Permit will affect any existing development plans.

2

The Stipulation of Facts only states that Appellants "could potentially be prohibited" from creating a wastewater or water supply system within the isolation zones. (Stip. of Facts at ¶¶ 20–23, filed September 11, 2013.) The Stipulation of Facts also fails to show any particular economic impact resulting from the Permit. Without such information, it is impossible to determine how DEC has limited Appellants in the use of their property.

The Stipulation of Facts does show, however, that the Permit's isolation distances cross onto Appellants' properties. Whether Appellants may be prohibited from developing portions of their properties will not be known until some future time, when Appellants seek ANR approval for their intended action. Until we have ANR's decision on these future applications, we cannot conclude as a matter of law whether a regulatory taking has occurred under the Penn Cent. Transp. Co. factors. We therefore conclude that Appellants' partial regulatory taking claim is not yet ripe. See Town of Grand Isle v. Patry, 2004 VT 24, ¶ 8, 176 Vt. 627 (citing Killington, Ltd. v. State, 164 Vt. 253, 257 (1995)) (noting that "regulatory takings claims are not ripe for review until applicant has obtained final decision regarding permit request and has utilized state procedures for obtaining just compensation"). For the reasons stated above, the appeal is **DISMISSED** without prejudice.

This completes the current proceedings before this Court.


Electronically signed on August 27, 2014 at 03:02 PM pursuant to V.R.E.F. 7(d).

_____
Thomas G. Walsh, Judge
Superior Court, Environmental Division